United States District Court
Southern District of Texas
**ENTERED**
September 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LISA BERENICE BENAVIDES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-122 |
| | § | CRIMINAL NO. 1:20-CR-038-2 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER AND OPINION

On August 21, 2023, Petitioner Lisa Berenice Benavides filed a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. (Petition, Doc. 1).

District courts have an independent obligation to review the record and the pleadings. "[I]f it plainly appears" that the petitioner is not entitled to relief, a court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the Rules Governing Section 2255 Proceedings.

In the current matter, after conducting that review and based on the record and the applicable law, the Court concludes that Benavides is not entitled to the relief she requests.

### I.  Background

#### A.  Criminal Proceedings & Sentencing

In January 2020, Benavides was indicted on one count of illegally transporting an alien and two counts of illegally harboring an alien for financial gain. *U.S. v. Benavides*, Criminal No. 1:20-038-2 [hereafter "CR"]. (Indictment, CR-Doc. 13)  In a Superseding Indictment, the Government charged her with those same crimes, but with a different co-defendant. (Superseding Indictment, CR-Doc. 40)

In November 2020, Benavides pled guilty, without a written plea agreement, to one count of illegally harboring an alien for financial gain. (*See* CR-Minute Entry for November 3, 2020)

1

At sentencing, the final Pre-Sentence Investigation Report assessed Benavides with a base offense level of 12. (PSR, CR-Doc. 154, 14)  Benavides also received several enhancements for Specific Offense Characteristics, including:

- A three-level enhancement under § 2L1.1(b)(2)(A) for smuggling more than 6 and fewer than 24 aliens;
- A five-level enhancement under § 2L1.1(b)(5)(B) because Benavides used a dangerous weapon in the commission of the offense when she strangled an alien with a computer power cord and stuffed paper in the alien's mouth;
- A two-level enhancement under § 2L1.1(b)(6) for "intentionally or recklessly creating a substantial risk of death or serious bodily injury," based on Benavides stuffing toilet paper in an alien's mouth, covering the alien's mouth with her hands, and then watching as a co-defendant began choking the alien and striking his face;
- A two-level enhancement under § 2L1.1(b)(7)(A) because at least one alien sustained a bodily injury as a result of Benavides's actions; and
- A two-level enhancement under § 2L1.1(b)(8)(A) because "an alien was involuntarily detained through coercion or threat, or in connection with a demand for payment, (i) after the alien was smuggled into the United States; or (ii) while the alien was transported or harbored in the United States."

(*Id.*)  Benavides also received a two-level enhancement under § 3B1.1(c) for being a leader or organizer of the smuggling operation. (*Id.*)  After applying a three-level reduction for her acceptance of responsibility, the Court assessed a Total Offense Level of 25. (*Id.*)

Benavides scored a criminal history category of V, which, when coupled with an offense level of 25, led to a sentencing guideline range of 100 to 125 months.  (PSR, CR-Doc. 154, 16–22)  As a statutory maximum of ten years imprisonment applied, the high end was adjusted downward to 120 months. (*Id.* at 30)

Prior to the sentencing hearing, Benavides's counsel filed an objection to the Pre-Sentence Investigation Report, challenging the five-level enhancement under § 2L1.1(b)(5)(B) on the grounds that insufficient evidence demonstrated that Benavides used a computer power cord against any alien. (Objs., CR-Doc. 167) At the sentencing hearing, the Government presented testimony in support of the five-level enhancement from a Homeland Security Investigations agent. The Court overruled the objection.

The Court sentenced Benavides to 100 months of incarceration and a three-year term of supervised release. (Judgment, CR-Doc. 196) On the Government's oral motion, the Court dismissed the remaining counts against Benavides. (Transcript, CR-Doc. 202, 89)

### B. Direct Appeal

Benavides timely filed a Notice of Appeal (CR-Doc. 186). As relevant here, Benavides argued on direct appeal that she should not have been assessed the five–level enhancement for using a dangerous weapon and the two-level enhancement for creating a substantial risk of death or injury because the same underlying conduct formed the basis of both enhancements.

On June 10, 2022, the Fifth Circuit affirmed Benavides's custodial sentence, but reversed and remanded as to the restitution order issued at sentencing. *See United States v. Benavides*, 2022 WL 2101521, at *1 (5th Cir. 2022) (unpubl.). As to Benavides's argument regarding the two challenged enhancements, the Fifth Circuit concluded that different conduct supported each of the enhancements, rendering their application appropriate. *Id.*

Neither the Fifth Circuit's nor the Supreme Court's docket reflects the filing of a petition for a writ of certiorari with the Supreme Court. As a result, Benavides's conviction became final on September 8, 2022, when the time for filing such a petition expired. *See Clay v. United States*, 537 U.S. 522, 532 (2003).[1]

---

[1] In August 2022, this Court issued an Amended Judgment (CR-Doc. 211) to reflect the Court's decision on remand as to restitution. The issuance of an amended judgment which does not affect the finality of a criminal conviction does not restart the clock for the § 2255 statutory limitations period. *United States v.*

**C. Habeas Petition**

Benavides timely filed the instant habeas petition, raising a single claim that the Court "improperly engaged in double-counting by assessing a U.S.S.G. § 2L1.1(b)(5) dangerous weapon enhancement as well as a U.S.S.G. § 2L1.1(b)(6) risk of bodily enhancement." (Pet., Doc. 1, 4) She argues that "[b]oth enhancements should not have been applied as these were not seperate (sic) acts." (*Id.*)

As the Court can resolve the Petition solely on the record, the Court has not ordered the Government to respond.

**II.   Analysis**

Benavides seeks relief pursuant to 28 U.S.C. § 2255. "In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." *Lawrence v. McCarthy*, 344 F.3d 467, 474 (5th Cir. 2003). Where a § 2255 petitioner exhausts or waives her direct appeal, courts may presume that she was fairly convicted. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

A court may consider and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255(c). The court need not conduct a hearing where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

In the present case, as Benavides is proceeding *pro se*, the Court applies a liberal construction to her Petition to ensure that her claims are not unfairly dismissed because of her unfamiliarity with the law. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even applying this lenient standard, however, the Court concludes that Benavides is not entitled to relief.

---

*Jones*, 796 F.3d 483, 486 (5th Cir. 2015). However, this issue does not impact the analysis in this case because Benavides timely filed her § 2255 petition.

The Fifth Circuit's decision in connection with Benavides's direct appeal forecloses her lawsuit. In her Petition, Benavides presents the same argument she urged to the Fifth Circuit– i.e., that the sentencing court engaged in double-counting by assessing enhancements under both § 2L1.1(b)(5) and § 2L1.1(b)(6). Benavides argued that the district court incorrectly relied on the same conduct to support both enhancements. On appeal, the Fifth Circuit rejected this argument, explaining that the record demonstrated that "the § 2L1.1(b)(6) enhancement was supported by different conduct than the § 2L1.1(b)(5) enhancement". *Benavides*, 2022 WL 2101521, at *1. The Fifth Circuit's decision represents "the law of the case" for purposes of Benavides's § 2255 petition. *United States v. Goudeau*, 512 Fed. App'x. 390, 393 (5th Cir. 2013) (unpubl.). And "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *U.S. v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)).

Some exceptions apply. Lower courts may re-examine an appellate court's decision if "(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice." *United States v. Williams*, 517 F.3d 801, 806–07 (5th Cir. 2008). Benavides has not shown that any of these exceptions applies.

Benavides also contends, based on her argument concerning the two enhancements, that the Court should "adjust" her guideline range. (Petition, Doc. 1, 12) This argument represents a claim involving a technical application of the guidelines. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (error in calculating sentence was a technical application of the Guidelines). Such a claim is not cognizable in a § 2255 petition. *See United States v. Licon*, 736 Fed. App'x 515, 516 (5th Cir. 2018) (unpubl.) (citing *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)); *United States v. Watkins*, 2018 WL 11280061, at *1 (5th Cir. 2018) (unpubl.); *United States v. Marroquin*, 2018 WL 11438702, at *1 (5th Cir. 2018) (unpubl.).

### III. Conclusion

For the reasons indicated in this Order, it is:

**ORDERED** that Petitioner Lisa Berenice Benavides's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED** as meritless.

In addition, the Court finds that no outstanding issue would be debatable among jurists of reason, and that Benavides fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court **DENIES** a Certificate of Appealability.

The Clerk of Court is directed to close this matter.

Signed on August 30, 2023.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge